*CITY OF TOLEDO v. FRED. YEAGER, TREASURER OF WOOD COUNTY, OHIO.

1. EXEMPTION OF PROPERTY OWNED AND USED BY A CITY.

Under the provisions of section 2, article XII, of the constitution of Ohio, it is competent for the general assembly, by law, to exempt from taxation the gas wells, pipe lines, and machinery and fixtures necessarily connected therewith, acquired, owned and used by the city of Toledo, for the purpose of supplying the city and its inhabitants with natural gas, for heating and lighting, under the act of 1889. 86 Ohio Laws, p. 7.

2. PROPERTY WHICH MAY BE REGARDED AS USED EXCLUSIVELY FOR PUBLIC PURPOSES.

Said property is to be regarded as used exclusively for public purposes, within the meaning of paragraph 8, of section 2732, as amended in 1891, 88 Ohio Laws, 95, though natural gas supplied thereby is used for lighting and heating private dwellings and factories, as well as public buildings of the city, and although a large part of said property is outside the limits of said city, and of Lucas county. (See *State ex rel.* v. *The City of Toledo*, 48 Ohio St., 112.)

---

†The judgment in this case was affirmed by the supreme court, without report. 54 O. S., 620.

* This case was dismissed by the Supreme Court for want of preparation, June 9, 1896, 3 Legal News, The circuit decision is denied in Toledo v. Hosler, *post*, 590.

ON APPEAL from the court of common pleas of Wood county.

BENTLEY, J.

In brief, this is an action to enjoin the treasurer of Wood county from collecting a tax which has been assessed upon certain property owned by the city of Toledo, on the ground, as plaintiff alleges, that all of the property so assessed is by law exempt from taxation, and the single question is presented, whether or not the property in question is by law thus exempt.

The property is the city gas line, wells, fixtures, machinery and appliances, connected with the gas pipe line which was made and acquired by the city under the provisions of the statute of 1889, O. L. 86, page 7.

We have considered and have in view those general principles regarding the interpretation of statutes, and the general principles of equity and justice which the counsel for the parties here have so carefully discussed orally and in their written arguments, but at last the discussion comes down simply to the concrete, and pertains to two main propositions only, and these we must decide in view, of course, of these general principles.

The main question may be considered as of two phases; one is, whether the constitution of the state allows the general assembly to pass any law that will exempt from taxation property of this particular nature, and which is applied to such particular use as is shown in this case; and the other question is, whether the legislature has in fact undertaken by law to exempt this property.

I will briefly call attention to the provision of the constitution, which is section 2 of article XII; and, leaving out the provisions not germane to this inquiry, the portion of it applicable here would read as follows: "Laws shall be passed taxing by uniform rule, all real and personal property according to its true value in money; but public property used exclusively for any public purpose, may by general laws be exempted from taxation."

Is the property in question here public property used exclusively for any public purpose? It is claimed that it is not. It is claimed that while perhaps some of the uses to which this property is applied may be public, yet, other uses to which it is devoted, are not public, at least not exclusively public, but private, and therefore the legislature had no power to exempt it from taxation. It is argued that property may be public and yet not be used exclusively for public purposes, and of course that is true. This property must appear to be devoted exclusively to some public purpose, or the legislature cannot exempt it from taxation.

In our view of the case, this question, to all intents and purposes, is thoroughly settled by the supreme court of the state in the case of *The State of Ohio ex rel. v. The City of Toledo*, in 48 Ohio St., at page 112, and following.

The court in that case discuss at length the provisions of the statute under which this property was acquired, and a great share of the opinion is devoted to the discussion as to whether or not the act is constitutional, as it involves the question and necessity of taxation; whether this property is to be so applied to public use that within the confessed limits of the power of taxation, taxes may be levied for its acquirement and maintenance, and the final conclusion at which the court arrives is stated in the second proposition of the syllabus: "The supplying of municipal corporations and their citizens with natural gas, in a public use or purpose, for which the taxing power may be constitutionally exercised." Of course, the opinion went much more into detail than the mere statement in this proposition, and it renders clear what was intended by the supreme court to be embodied in that syllabus.

It was argued there, as here, that while this gas was to be used partially for the lighting and heating of public structures and public buildings, it was also to be applied for the private uses of the citizens, and yet, after considering in many paragraphs that argument, the court comes to the conclusion that notwith-

standing the contemplated use, the whole matter is a public matter, and the property is to be devoted to a public purpose.

Now, we think, it necessarily follows that if this property is in fact devoted to the purposes contemplated by the act, and to those only, that part of the argument is conclusively settled by this judgment of the supreme court in *State* v. *Toledo.*

Of course, as stated in the argument of one or more of the counsel, private corporations or individuals might have gone into this business, and it is argued that because the private property of individuals or of a corporation thus engaged in this business of lighting and heating, might not be held to be property devoted to a public use, no more is property owned by the city and thus used devoted to a public purpose; but this argument would exclude the possibility of exempting from taxation nearly all kinds of public property, since private means may be devoted to building schoolhouses, public buildings; waterworks and the like, and the argument holds good as to this phase of the matter, that the ownership does not in all cases determine whether it is, or is not used exclu sively for a public purpose. At all events, until the authority of that case is overthrown, we must hold that the legislature had the authority to exempt this property from taxation.

Has it done so? The eighth paragraph of the law of 1891, which applies to the controversy here, being 88. Ohio Laws, page 95, provides: "All market houses, public squares, or other public grounds, town or township houses or halls, used exclusively for public purposes, and all works, machinery, pipe lines and fixtures belonging to any town, or for heating and lighting the same." That is, under the provisions of the statute, such property shall be exempt from taxation.

Eliminating from the eighth paragraph the words that do not pertain to this property, let me read: "And all works, machinery, pipe lines and fixtures belonging to any town, and used exclusively for heating and lighting the same." That is really the provision of this statute upon this subject.

It will be noticed that it is not simply the pipe line, but it is all works, machinery, pipe lines and fixtures belonging to any town and used for this purpose. If that does not include within the description all of the property that has been valued and assessed for taxation in the present case, it certainly includes nearly all of it, and if there is anything not so included under some of these general names or designations, there is no clear definition of it.

There is a general tax and a general valuation of all this property in the aggregate, and there is no pleading nor proof in the case as made to this court showing the possibility of separating from the whole any property that might, under certain circumstances, be shown not to be such a part and parcel of the description as not to be governed by this general law.

The evidence shows this property to be devoted to the very purposes which are named in the statute, and which the supreme court has declared to be public purposes.

It would be an exceedingly narrow and technical construction of the language of this exemption paragraph to say that it means that to be exempted, the machinery, works and pipe line, in each and every part thereof, must be used specifically for heating and lighting the town; that they must be the immediate agency for making the light and heat.

While rules of construction in these regards require strictness, yet there must not be a strained and unnatural construction.

The thing to be arrived at is the intention of the legislature in passing the statute, and the legislature must have known when this statute was passed that some parts of the "works, machinery and pipe lines" which should be devoted to heating and lighting, could not themselves make light or heat, but are essential parts of the mechanism and construction for the production of light or heat. The meaning is the same as if it read "all works, machinery, pipe lines and fix-

tures belonging to any town and used exclusively for the production of heat or light for the town."

It is also urged in view of the strict construction that ought to prevail, that really, this statute does not include or mention a city ; that the city of Toledo is not within its provisions because the words are "any *town*," not "any *city*." In strictness, there has been no municipality in this state for a long time legally known as a town, yet all the while there are, and have been aggregations of houses and inhabitants known as towns, and the line that marks the size of an aggregation of this kind so as to include or exclude it from the general term "town," is not, and never has been well drawn.

Legally, municipal corporations in Ohio are cities, villages and hamlets, but with utter propriety of language it may be said there are all over the state, towns, both incorporated and unincorporated, and it is very evident that the legislature in this act was not speaking with reference to the legal classification of municipal corporations so as to require terms of legal precision, but was making general provisions, applicable to towns in the popular sense. This is a general statute providing for the exemption of public property, and in one of the earlier paragraphs it reads, "all buildings belonging to any county, township or *town*, used exclusively for the accommodation or support of the poor."

If a town must necessarily mean incorporated municipality, so designated by law, there is nothing in the state to which to apply this provision, and in various places in the statutes the word "town" is used plainly in its generic sense, and not in its technical sense.

It seems to us that though having regard to the strict construction which ought to be given to statutes exempting property from taxation, still most manifestly and clearly this property designated in this petition, and about which testimony has been received, is public property devoted exclusively to a public purpose, and belongs to a town, and is used exclusively for heating and lighting the same; and holding these views, we sustain the petition, and grant the injunction prayed for. The temporary injunction theretofore granted is made perpetual, and the costs are adjudged against the defendant.

It is further ordered that a special mandate be sent to the court of common pleas for execution for the costs.

*C. F. Watts*, City Solicitor, for Plaintiff.

*R. S. Parker* and *F. A. Baldwin*, for Defendant.